ANN RUGGLES, Respondent, v. J. H. WILSON et al., Appellants.

St. Louis Court of Appeals, January 9, 1912.

1. **DAMAGES: Replevin: Recovery for Former Wrong: Payment: Effect.** Where the owner of goods, which were held by a constable under an attachment against a third person, paid the constable the amount of the claim and procured a release of the goods, the wrongful possession of the constable ceased and he then held them for the owner, so that, in an action by the owner to replevy them from the constable, who had subsequently seized them under another attachment against the third person, it was error to allow her damages on account of the first seizure.

2. **APPELLATE PRACTICE: Excessive Recovery: Remittitur.** Where the award of damages is excessive and the amount of the excess can be ascertained, the error may be cured by remittitur in the appellate court.

Appeal from Scott Circuit Court.—*Hon. R. G. Ranney,* Special Judge.

AFFIRMED (*conditionally*).

*J. R. Young* for appellant.

*Ed. Drum* for respondent.

CAULFIELD, J.—This action, instituted before a justice of the peace and tried *de novo* on appeal in the circuit court, is replevin for a lot of household goods and furniture. Possession of the property had been delivered under the writ by the officer to the plaintiff and upon the trial the jury found a verdict for her for the possession and fifty dollars damages, and judgment was entered accordingly. The defendants appeal and assign for error that the verdict is excessive. We gather from the evidence, though it is very meagre and unsatisfactory, that the plaintiff, living at Illmo,

Missouri, and owning the property in question, undertook to send it by express to her daughter in Arkansas. The property, packed for shipment and marked with the daughter's name and address, lay at the express office at Illmo, when the defendant Randolph, a constable, took it on an execution or attachment against the daughter and in favor of one Dr. McCabe, who is not a party to this suit, and removed it to a store building in town. Thereupon, the plaintiff, not revealing to the constable that she made any claim on her own behalf to the property, or that it was hers, but desiring, as she says, to avoid a suit in replevin, paid forty-two dollars in satisfaction and release of the attachment as if it were valid, and directed the constable to deliver the property to her at her home. This he promised to do but before he had done so another execution or attachment came into his hands, under which he again levied upon and held the property. Thereupon, plaintiff brought this suit in replevin.

There was no evidence whatever of any damage suffered by the plaintiff by the detention except that the property was injured by being broken and soiled to the extent of $8.50.

It is probable that the jury undertook by their verdict, which was for fifty dollars, to reimburse the plaintiff part of the forty-two dollars which she had paid the constable under the prior levy, but this they were not at liberty to do. That payment was made in connection with the detention under the prior writ, which detention ceased when the plaintiff, apparently recognizing the validity of the prior levy, redeemed the property therefrom and arranged with the constable to deliver it to her at her home. By this amicable arrangement the wrongful nature of the constable's possession ceased and he then held for her, rightfully, until the second levy. The detention under the second levy was separate and distinct from the former one, and being the last, is clearly the only one which

forms the gist of this action of replevin. It was error, therefore, to assess damages for such former detention in this suit. Under these circumstances the verdict for fifty dollars is clearly excessive to the extent $41.50. If the latter amount, $41.50, is remitted within ten days after the filing of this opinion the judgment will be affirmed for the possession of the property and for damages to the extent of $8.50 with the cost of the appeal adjudged against the plaintiff, otherwise the judgment will be reversed and the case remanded. *Reynolds, P. J.,* and *Nortoni, J.,* concur.